## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

CARDIONET, LLC,

and

BRAEMAR MANUFACTURING, LLC,

Plaintiffs,

v.

INFOBIONIC, INC.,

Defendant.

Civil Action No. 1:15-cv-11803-IT

Hon. Indira Talwani

## [PROPOSED] CONSENT JUDGMENT AS TO INFOBIONIC'S "FIRST-GENERATION" PRODUCT

WHEREAS Plaintiffs CardioNet, LLC and Braemer Manufacturing, LLC (collectively "CardioNet") filed a Complaint against Defendant InfoBionic, Inc. ("InfoBionic") asserting infringement and seeking damages for infringement of U.S. Patent Nos. 6,940,403; 6,225,901; 7,212,850; 7,907,996; RE43,767; and 7,099,715 (collectively, "the Patents-in-Suit") and an injunction restraining infringement of the Patents-in-Suit;

WHEREAS InfoBionic received clearance from the Food and Drug Administration ("FDA") to market systems, including a MoMe® Kardia system, pursuant to 510(k) No. K133753 ("First-Generation product");

WHEREAS InfoBionic later received clearance from the FDA to market systems, including a second MoMe® Kardia system, pursuant to 510(k) Nos. K160064 and K152491;

the system submitted to the FDA in connection with 510(k) Nos. K160064 and K152491 is hereinafter defined as the "Second-Generation product";

WHEREAS InfoBionic has represented that it will not commercialize or market a First-Generation product but that it does intend to commercialize and market a Second-Generation product;

WHEREAS CardioNet wants to preserve all claims against the First-Generation and Second-Generation products other than claims of infringement against First-Generation products and InfoBionic wants to preserve all defenses to such preserved claims; and

WHEREAS the parties have partially resolved their dispute relating to the First-Generation product;

WHEREAS the parties consent to the entry of the following judgment:

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1.     This action arose under the patent laws of the United States, Title 35, United States Code, and this Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

2.     Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b) and (c), and 1400(b).

3.     "InfoBionic" refers to InfoBionic, Inc.; its officers; its directors; its shareholders; its agents; its servants; its employees; its attorneys; all parent, subsidiary, and affiliate corporations or other business entities; all other persons acting in concert, participation, or privity with any of the above, including indemnitors; and any predecessors, successors, assigns, and heirs of the above; and this Consent Judgment will be binding upon the foregoing parties.

4.     "CardioNet" refers to CardioNet, LLC and Braemer Manufacturing; its officers;

its directors; its shareholders; its agents; its servants; its employees; its attorneys; all parent, subsidiary, and affiliate corporations or other business entities; all other persons acting in concert, participation, or privity with any of the above, including indemnitors; and any predecessors, successors, assigns, and heirs of the above, including any successors-in-interest to the Patents-in-Suit; and this Consent Judgment will be binding upon the foregoing parties.

5.     InfoBionic is permanently enjoined and restrained from making, using, offering to sell, or selling within the United States or importing into the United States any First-Generation product and from engaging in any other act of infringement described in 35 U.S.C. § 271 with regard to any First-Generation product. CardioNet's claims of infringement against the First-Generation product are resolved by this Judgment.

6.     Contingent upon InfoBionic's compliance with this Judgment, CardioNet will not pursue its claims of infringement against the First-Generation product, but reserves all rights to pursue its asserted claims of patent infringement against InfoBionic's Second-Generation product and CardioNet's other asserted claims in this action. InfoBionic reserves all defenses against such claims. The issues of CardioNet's allegations and InfoBionic's defenses as to the Second-Generation product are unaffected by this Judgment, and this Judgment provides no additional basis to seek legal or equitable relief of any type against InfoBionic's Second- Generation product.

7.     The parties may not rely on this Judgment as a basis to withhold discovery. CardioNet asserts that discovery relating to the First-Generation product may be relevant to issues in this action other than alleged infringement by InfoBionic's First-Generation product including, for example, CardioNet's misappropriation claims, the technical development of later generation products, and secondary considerations of non-obviousness. InfoBionic reserves all

objections to relevance and admissibility.

8.      In order to be able to enforce the terms of this Judgment, CardioNet's outside counsel shall be permitted to retain the FDA file for 510(k) No. K133753, Bates Nos. IB0000495 – IB0004919, and to request inspection of the First-Generation source code, after the termination of this action under a continuing obligation to treat this information as Highly Confidential. Reasonable requests by CardioNet to inspect the First-Generation source code shall not be denied by InfoBionic, which shall retain a copy of the First-Generation source code until consent to destroy is provided by CardioNet or by order of the Court.

9.      This Judgment is inadmissible for purposes of determining whether InfoBionic's Second-Generation product infringes CardioNet's patents.

10.      InfoBionic and CardioNet agree that this Judgment is applicable only for purposes of the above-captioned action and any action to enforce the terms of this Judgment.

11.      The Court shall retain continuing jurisdiction over this action for the purpose of enforcing this Consent Judgment, including in a civil proceeding pursuant to 18 U.S.C. § 401.

Respectfully submitted,

Dated: July 13, 2016

By: /s/ Charles H. Sanders
Charles H. Sanders (BBO #646740)
charles.sanders@lw.com
LATHAM & WATKINS LLP
John Hancock Tower, 27th Floor
200 Clarendon Street
Boston, MA 02116
Tel: (617) 948-6022; Fax: (617) 948-6001

Maximilian A. Grant (*pro hac vice*)
max.grant@lw.com
Gabriel K. Bell (*pro hac vice*)
gabriel.bell@lw.com
Abigail Amato Rives (*pro hac vice*)
abby.rives@lw.com
LATHAM & WATKINS LLP
555 Eleventh Street, N.W., Ste. 1000
Washington, DC 20004
Tel: (202) 637-2200; Fax: (202) 637-2201

Kristopher R. Davis (*pro hac vice*)
kris.davis@lw.com
LATHAM & WATKINS LLP
330 North Wabash Avenue, Suite 2800
Chicago, IL 60607
Tel:  (312) 876-7653; Fax: (312) 993-9767

Brian W. Lewis (*pro hac vice*)
brian.w.lewis@lw.com LATHAM &
WATKINS LLP
505 Montgomery St #2000 San Francisco,
CA 94111
Tel:  (415) 646-7860; Fax: (415) 395-8095

*Counsel for Defendant InfoBionic, Inc.*

Dated:  July 13, 2016

By: /s/ Jack W. Pirozzolo[i]
Jack W. Pirozzolo (BBO #564879)
SIDLEY AUSTIN LLP
60 State Street, 36th Floor Boston,
Massachusetts 02109
+ 1 617 223 0304

Bradford J. Badke (*pro hac vice*)
Ching-Lee Fukuda (*pro hac vice*)
Todd M. Simpson (*pro hac vice*)
SIDLEY AUSTIN LLP
787 Seventh Avenue
New York, NY 10019
+1 212 839 5300

*Counsel for Plaintiffs*

[i] Counsel for Defendant InfoBionic, Inc. has received the express consent to affix the electronic signature of Plaintiffs' counsel to the foregoing.

**SO ORDERED:**

Dated : 7/14/16

*Indira Talwani*
Honorable Indira Talwani