# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **CARDIONET, LLC, and BRAEMAR MANUFACTURING, LLC,** | * |
| Plaintiffs, | * |
| v. | *  Civil Action No. 1:15-cv-11803-IT |
| **INFOBIONIC, INC.,** | * |
| Defendant. | * |

## SECOND AMENDED SCHEDULING ORDER

### July 20, 2016

**TALWANI, D.J.**

The court adopts the following schedule for disclosure of infringement and non-infringement/invalidity contentions and claim construction proceedings.

1. **Preliminary Disclosures.**

   a. **Preliminary Infringement Disclosure.** No later than **July 29, 2016**, Plaintiffs shall serve and file preliminary disclosure of the claims infringed. Plaintiffs shall specify which claims are allegedly infringed and identify the accused product(s) or method(s) that allegedly infringe those claims. Plaintiffs shall also specify whether the alleged infringement is literal or falls under the doctrine of equivalents. If Plaintiffs have not already done so, Plaintiffs shall produce all documents supporting its contentions and/or identify any such supporting documents produced by Defendant. Such disclosures may be amended and supplemented up to 30 days before the date of the Markman Hearing. After that time, such disclosures may be amended or supplemented only by leave of court, for good cause shown.

   b. **Preliminary Invalidity and Non-Infringement Disclosures**. No later than **August 29, 2016**, Defendant shall serve and file Preliminary Invalidity and Non-Infringement Contentions. Defendant shall identify prior art that anticipates or renders obvious the identified patent claims in question and, for each such prior art reference, shall specify whether it anticipates or is relevant to the obviousness inquiry. If applicable, Defendant shall also specify any other grounds for invalidity, such as indefiniteness, best mode, enablement, or written description. If Defendant has not already done so, Defendant shall produce documents relevant to the invalidity defenses and/or identify any such supporting documents produced by Plaintiff. Further, if Defendant has not already done so, the Defendant shall produce documents sufficient to show operation of the accused product(s) or method(s) that the Plaintiff identified in its preliminary infringement disclosures. Such

disclosures may be amended and supplemented up to 30 days before the date of the Markman Hearing. After that time, such disclosures may be amended or supplemented only by leave of court, for good cause shown, except that, if the Plaintiff amends or supplements its preliminary infringement disclosures, Defendant may likewise amend or supplement its disclosures within 30 days of service of the amended or supplemented infringement disclosures.

2. **Claim Construction Proceedings.**

   a. No later than **September 19, 2016**, the parties shall simultaneously exchange a proposed list of claim terms to be construed.

   b. No later than **September 26, 2016**, the parties shall simultaneously exchange proposed constructions for the terms exchanged in paragraph 2(a).

   c. No later than **October 10, 2016**, the parties shall simultaneously exchange and file supplemental preliminary claim construction briefs. Each brief shall contain a list of terms construed, the party's proposed construction of each term, and evidence and argument supporting each construction. Supplemental preliminary claim construction briefs shall be limited to 25 pages. If any term that was listed in the parties' initial preliminary claim construction brief is no longer in dispute, the parties may jointly request that the pages relating to that term or terms in their initial briefs be withdrawn, and that the parties be afforded additional pages in their supplemental preliminary claim construction briefs in lieu of those pages in their initial briefs.

   d. No later than **October 24, 2016**, parties shall simultaneously exchange reply briefs. Absent leave of court, reply briefs shall be limited to 15 pages.

   e. No later than **October 31, 2016**, the parties shall finalize the list of disputed terms for the court to construe. The parties shall prepare and file a joint claim construction and prehearing statement (hereafter the "joint statement") that identifies both agreed and disputed terms.

      i. The joint statement shall note the anticipated length of time necessary for the claim construction hearing and whether any party proposes to call witnesses, including a statement that such extrinsic evidence does not conflict with intrinsic evidence.

      ii. The joint statement shall also indicate whether the parties seek to tutorials on the relevant technology, the form of such tutorials, and the timing for such tutorials in relation to the claim construction hearing. If the parties plan to provide tutorials in the form of briefs, declarations, computer animations, slide presentations, or other media, the parties shall exchange such materials seven days before the claim construction hearing. In the alternative, the parties may present tutorials through presentations by the attorneys or experts at the claim construction hearing.

      iii. The joint statement shall include a proposed order in which parties will present their arguments at the claim construction hearing, which may be term-by-term or party-by-

      party, depending on the issues in the case.

    iv. The joint statement shall limit the number of claim terms to be construed and shall prioritize the disputed terms in order of importance. The Court suggests that, ordinarily, no more than 10 terms per patent be identified as requiring construction.

    v. The joint statement shall include a joint claim construction chart, noting each party's proposed construction of each term, and supporting evidence.

3. **The Claim Construction Hearing (a.k.a. "Markman" Hearing).** The claim construction hearing will be held on **November 17, 2016** at **2:00 p.m.**

4. All dates for discovery and amendments to pleading set forth in the court's <u>First Amended Scheduling Order</u> [#142] remain in effect.

                                                    Indira Talwani
                                                  United States District Judge

Date: July 20, 2016

                                                  /s/Gail A. Marchione
                                                  Courtroom Deputy Clerk