# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CARDIONET, LLC, <br><br> and <br><br> BRAEMAR MANUFACTURING, LLC, <br><br> Plaintiffs, <br><br> v. <br><br> INFOBIONIC, INC., <br><br> Defendant | CIVIL ACTION NO. 1:15-cv-11803-IT |

**MOTION FOR LEAVE TO FILE REPLY BRIEF IN SUPPORT OF INFOBIONIC'S MOTION TO DISMISS PLAINTIFF CARDIONET'S NON-PATENT CLAIMS BECAUSE CARDIONET IS OBLIGATED TO ARBITRATE THEM, OR, IN THE ALTERNATIVE, TO STAY THOSE CLAIMS PENDING ARBITRATION**

Defendant InfoBionic, Inc. ("InfoBionic" or "Defendant") moves for leave to file the Reply attached as Exhibit 1 in support of Defendant InfoBionic's Motion to Dismiss Plaintiff CardioNet's Non-Patent Claims Because CardioNet is Obligated to Arbitrate Them, Or, In the Alternative, to Stay Those Claims Pending Arbitration. (D.I. 190.)

In support of its motion, InfoBionic states as follows:

1. On August 23, 2016, InfoBionic filed its Motion to Dismiss Plaintiff CardioNet's Non-Patent Claims Because CardioNet is Obligated to Arbitrate Them, Or, In the Alternative, to Stay Those Claims Pending Arbitration. (D.I. 190.)

2. On September 6, 2016, CardioNet filed its opposition. (D.I. 206.)

3. On September 14, 2016, InfoBionic filed a motion seeking leave to file a reply brief, and proposing that it be given seven (7) calendar days to file a Reply limited to ten (10) pages. (D.I. 210.)

4. On September 15, 2016, this Court denied InfoBionic's motion for leave to file a reply without prejudice to refiling the motion within seven (7) days with a proposed reply brief and Rule 7.1 Certificate. (D.I. 211.)  InfoBionic now submits this motion for leave in accordance with the Court's Order, attaching the Reply as Exhibit 1 and including a detailed Rule 7.1 Certificate on the page following this motion.

5. InfoBionic's proposed Reply (Exhibit 1 hereto) responds directly to arguments made in CardioNet's Opposition.  InfoBionic presents five points in its Reply, all of which respond directly to CardioNet's opposition.

6. First, InfoBionic explains that CardioNet's non-patent claims are limited to Dr. Kuppuraj's alleged misconduct.  (Ex. 1 at 2-4.)  This directly responds to CardioNet's factual assertions about purported misconduct by persons other than Dr. Kuppuraj (*see* D.I. 206 at 1-3 & 6-10) and CardioNet's argument that its non-patent claims are not limited to Dr. Kuppuraj's alleged misappropriation of source code (*see id.* at 13-14).  InfoBionic could not have addressed CardioNet's argument in InfoBionic's opening brief because, as stated in the Reply (Ex. 1 at 2), CardioNet had not alleged purported misconduct by others in its operative Second Amended Complaint.

7. Second, InfoBionic explains why CardioNet's request for injunctive relief does not exempt its misappropriation and unfair competition claims from arbitration.  (Ex. 1 at 4-6.)  This responds directly to CardioNet's argument that its claims are exempted from the Arbitration Agreement because CardioNet has requested injunctive relief.  (D.I. 206 at 14-16.)  InfoBionic

endeavored to anticipate the argument CardioNet would make in its opposition based on CardioNet's representation that it would oppose on this basis, but the Reply is InfoBionic's first opportunity to respond to the argument CardioNet actually has made, including its linguistic argument for interpreting the exception in the Arbitration Agreement.

8.     Third, InfoBionic shows that CardioNet fails to address the two separate and independent legal bases that InfoBionic argued in its opening brief for applying equitable estoppel. (Ex. 1 at 6-8.) This responds directly to CardioNet's argument that equitable estoppel does not apply on the basis that CardioNet was not required to prove a breach of one of Dr. Kuppuraj's employment agreements with CardioNet. (D.I. 206 at 16-19.) InfoBionic (a) explains that CardioNet's argument is non-responsive because CardioNet only addresses a legal basis for applying equitable estoppel on which InfoBionic did not rely, (b) addresses the case law on which CardioNet relies, and (c) shows that CardioNet's restrictive view of equitable estoppel conflicts with the case law.

9.     Fourth, InfoBionic explains that it has not waived its right to arbitration. (Ex. 1 at 9-10). This responds directly to CardioNet's argument that InfoBionic waived its right to arbitration. (D.I. 206 at 19-20.) InfoBionic distinguishes the cases on which CardioNet relies for the first time in its opposition.

10.    Fifth, InfoBionic explains that it satisfied the requirement to meet and confer prior to filing its motion. (Ex. 1 at 10.) This responds directly to CardioNet's description of its view of the meet-and confer processes. (D.I. 206 at 10-11.) InfoBionic explains that, although InfoBionic informed CardioNet that CardioNet's non-patent claims should be dismissed nearly three weeks before filing its motion and the parties communicated by email and telephone, CardioNet never identified a reason for opposing InfoBionic's motion beyond its request for

injunctive relief. This further supports the propriety of this Reply to address the additional arguments CardioNet has raised for the first time in its opposition.

11. CardioNet opposes this motion, contending, "InfoBionic's proposed Reply rehashes the same erroneous arguments InfoBionic made in its Opening, and further seeks to mischaracterize the record." Exhibit 2. This is incorrect. As set forth above, rather than rehash arguments, InfoBionic has responded directly to the arguments CardioNet made in its opposition. CardioNet's contentions that InfoBionic's arguments are "erroneous" and that InfoBionic has "mischaracterize[d] the record" are mistaken. Moreover, CardioNet's disagreement with InfoBionic's legal positions and view of the record go to the substance of the parties' underlying dispute, not the propriety of granting leave to Reply.

WHEREFORE, InfoBionic respectfully requests that this Court allow this motion, granting InfoBionic leave to file the Reply attached as Exhibit 1.


Dated: September 22, 2016

Respectfully submitted,

LATHAM & WATKINS LLP

By: /s/ Charles H. Sanders
Charles H. Sanders (BBO #646740)
charles.sanders@lw.com
John Hancock Tower, 27th Floor
200 Clarendon Street
Boston, MA 02116
Tel: (617) 948-6022; Fax: (617) 948-6001

Maximilian A. Grant (*pro hac vice*)
max.grant@lw.com
Gabriel K. Bell (*pro hac vice*)
gabriel.bell@lw.com
Abigail Amato Rives (*pro hac vice*)
abby.rives@lw.com
555 Eleventh Street, N.W. Ste. 1000

Washington, DC 20004
Tel: (202) 637-2200; Fax: (202) 637)-2201

Kristopher R. Davis (*pro hac vice*)
kris.davis@lw.com
330 North Wabash Avenue, Suite 2800
Chicago, IL 60607
Tel:  (312) 876-7653; Fax: (312) 993-9767

Brian W. Lewis (*pro hac vice*)
brian.w.lewis@lw.com
505 Montgomery St #2000
San Francisco, CA 94111
Tel:  (415) 646-7860; Fax: (415) 395-8095

*Counsel for Defendant InfoBionic, Inc.*

**LOCAL RULE 7.1 CERTIFICATION**

I, Charles H. Sanders, counsel for Defendant InfoBionic, hereby certify that counsel for Defendant conferred with counsel for Plaintiffs in good faith on September 22, 2016, but counsel for Plaintiffs stated that they did not consent to this motion.  We provided Plaintiffs' counsel with an advance copy of the reply brief, and requested Plaintiffs' position on leave to file it.  Plaintiffs responded by email explaining their reasons for not consenting to this motion, and the parties then conferred telephonically but did not reach agreement.

Dated: September 22, 2016                              By: /s/ Charles H. Sanders
                                                                                 Charles H. Sanders

**CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the above document was served upon the attorney of record for each party via the Court's CM/ECF filing system.

Dated:  September 22, 2016

/s/ Charles H. Sanders
Charles H. Sanders (BBO #646740)
charles.sanders@lw.com
John Hancock Tower, 27th Floor
200 Clarendon Street
Boston, MA 02116
Tel: (617) 948-6022; Fax: (617) 948-6001