UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CARDIONET, LLC, and BRAEMAR MANUFACTURING, LLC <br><br> Plaintiffs, <br><br> v. <br><br> INFOBIONIC, INC., <br><br> Defendant. | * <br> * <br> * <br> * <br> *  Civil Action No. 1:15-cv-11803-IT <br> * <br> * <br> * <br> * <br> * |

ORDER

March 1, 2017

TALWANI, D.J.

Pending before the court is Defendant's Motion to Dismiss Plaintiff CardioNet's Non-Patent Claims Because CardioNet Is Obligated to Arbitrate Them, or, in the Alternative, to Stay Those Claims Pending Arbitration [#190].

Defendant argues that dismissal of certain claims is warranted because the claims are founded on Dr. Ravi Kuppuraj's purported breaches of contractual obligations that are subject to an arbitration agreement, and Plaintiffs are "therefore bound to arbitrate" their non-patent claims against Defendant. "Where one side is entitled to arbitration of a claim brought in court, in this circuit a district court can, in its discretion, choose to dismiss the law suit, *if all claims asserted in the case are found arbitrable*." Next Step Med. Co. v Johnson & Johnson Int'l, 619 F.3d 67, 71 (1st Cir. 2010) (citing Bercovitch v. Baldwin Sch., Inc., 133 F.3d 141, 156 & n. 21 (1st Cir. 1998) (additional emphasis added)). Other cases cited by Defendant similarly support dismissal where all of the claims being litigated are subject to arbitration. See Robinson v. Entertainment One U.S. LP, No. 14-cv-1203 (AJN), 2015 WL 3486119, at *11 (S.D.N.Y. June 2, 2015)

1

("Because *all* of Plaintiff's claims . . . are encompassed within the enforceable arbitral agreement[,] . . . there is no purpose in staying this case. It is therefore dismissed with prejudice." (emphasis added)); <u>Duran v. J. Hass Grp. L.L.C.</u>, No. 10-CV-4538 (RRM)(SMG), 2012 WL 3233818, at *5 (E.D.N.Y. June 8, 2012) ("Given that the arbitration is to take place in [another jurisdiction] and *all claims* as between all parties are subject to arbitration, the [c]ourt sees no useful purpose that will be served by granting a stay and therefore dismissal is the appropriate remedy." (internal quotation marks and brackets omitted) (emphasis added)). Here, however, Defendant maintains that only CardioNet's state law claims are subject to arbitration, and not the six patent infringement claims. For this reason, dismissal would be improper even if the court were to conclude that some of the claims are referable to arbitration.

In the alternative, Defendant moves to stay the proceedings as to the non-patent state law claims pursuant to the Federal Arbitration Act ("FAA"), 9 U.S.C. § 3. That section provides that

> [i]f any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration.

Defendant has not made clear, and the court now seeks clarification, as to whether Defendant: (1) is asking to be treated as "one of the parties" to the agreement, (2) is contending that the state law claims *against Defendant* are "referable to arbitration," and (3) is contending that Defendant "is not in default in proceeding with such arbitration." Accordingly, within seven days of this Order, Defendant shall advise the court as to its position on these three issues. In the alternative, Defendant may withdraw its request for a stay.

Defendant's response shall be limited to two pages.

IT IS SO ORDERED.

Date: March 1, 2017 /s/ Indira Talwani
United States District Judge