UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CARDIONET, LLC, and BRAEMAR MANUFACTURING, LLC, <br><br> Plaintiffs, <br><br> v. <br><br> INFOBIONIC, INC., <br><br> Defendant. | * <br> * <br> * <br> * <br> * Civil Action No. 1:15-cv-11803-IT <br> * <br> * <br> * <br> * <br> * |

ORDER

March 29, 2018

TALWANI, D.J.

      Pending before the court is Plaintiffs CardioNet, LLC and Braemar Manufacturing, LLC's (collectively, "CardioNet") Motion to Strike [#293] Defendant InfoBionic Inc.'s ("InfoBionic") Notice of Supplemental Factual and Legal Authority Regarding Prosecution Disclaimer [#292]. CardioNet asserts that InfoBionic's filing amounts to improper additional claim construction briefing, filed without meeting and conferring, and without leave of court. CardioNet also objects to InfoBionic's characterizations of CardioNet's position. In response to the procedural arguments, InfoBionic asserts that "[a]s officers of the court, InfoBionic had no choice but to bring to the Court's attention" both the recent Federal Circuit opinion Aylus Networks, Inc. v. Apple, Inc., 856 F.3d 1353 (Fed. Cir. 2017), and CardioNet's "irreconcilable statements" in proceedings here and before Patent Trial and Appeal Board ("PTAB"). Opp'n [#294]. In response to the asserted mischaracterization, InfoBionic argues its substantive position further, before stating that it has no opposition to CardioNet filing a substantive response. Id. at 2 n.2.

CardioNet's <u>Motion to Strike</u> [#293] is ALLOWED. Under Local Rule 7.1(b)(3), additional papers in connection with a motion may be submitted only with leave of court. Here, the additional material was submitted in connection with claim construction rather than motion practice, but no different rule is warranted. Local Rule 7.1(a)(2) provides further that no motion shall be filed unless counsel certify that they have conferred and have attempted in good faith to resolve or narrow the issue. CardioNet's assertion that InfoBionic did not meet and confer is unrebutted.

InfoBionic asserts that a recent decision of the Federal Circuit necessitated counsel to file its notice. But any obligation to advise the court of legal developments does not justify further briefing without leave. In this regard, the court finds valuable guidance in Federal Rule of Appellate Procedure 28, which states that if pertinent and significant authorities come to a party's attention after the party's appellate brief has been filed, the party may advise the circuit clerk by letter, with the body of such letter "*not exceeding 350 words*." (emphasis added). Though not directly applicable to proceedings before this court, no different rule is warranted here. For these reasons, InfoBionic's <u>Notice of Supplemental Factual and Legal Authority Regarding Prosecution Disclaimer</u> [#292] and its further characterizations of CardioNet's claim construction briefing in its <u>Opposition</u> [#294] are stricken.

The court acknowledges that <u>Aylus Networks</u> held that clear and unmistakable statements made by a patent owner during an inter partes review ("IPR") proceeding can be considered during claim construction and relied on to support a finding of prosecution disclaimer. 856 F.3d at 1361. In light of this holding, InfoBionic may, if warranted by the IPR record, file a supplemental brief within two weeks of this order, limited to three pages, recounting the purported prosecution disclaimer relating to the term "instructing . . . as to a time." Any such

brief shall be limited to describing the purported disclaimer in the IPR proceedings, and shall present no argument, characterization, or description of CardioNet's position during the claim construction proceeding in this court. Within two weeks of such filing, CardioNet may file a supplemental brief in response, of similar length, also addressing the IPR proceedings only.

     IT IS SO ORDERED.

Date:  March 29, 2017                           /s/ Indira Talwani
                                                           United States District Judge